## DENKER v. KAY COUNTY GAS CO.

No. 15858—Opinion Filed Oct. 27, 1925.

Rehearing Denied March 9, 1926.

(Syllabus.)

1. **Oil and Gas—Conversion of Royalty Oil —Measure of Damages.**

Where the lessor of an oil and gas lease seeks to recover damages for the conversion of his royalty oil, together with interest thereon from the date of such conversion, the measure of damages is the value of such oil at the time of conversion, with interest from that time.

2. **Same—Judgment for Defendant by Reason of Set-Off.**

Where the stipulated facts disclose that prior to the alleged conversion of plaintiff's oil by the defendant the defendant had erroneously delivered a quantity of oil to the plaintiff which he disposed of at the prevailing market price and retained the proceeds in an amount which equals the damages sustained by the plaintiff by reason of the conversion sued on, held, it was not error for the trial court to render judgment for the defendant.

Error from District Court, Kay County; A. S. Wells, Assigned Judge.

Action by Burchard Denker against the Kay County Gas Company for conversion of crude oil. From a judgment for the defendant, the plaintiff brings error. Affirmed.

Harry O. Glasser, for plaintiff in error.

W. K. Moore, C. W. King, and H. E. Oakes, for defendant in error.

MASON, J. This action was commenced in the district court of Kay county by Burchard Denker against the Kay County Gas Company for the conversion of crude oil of the plaintiff which it is alleged was of value of $4.50 per barrel, or a total value of $1,063.85. From a judgment in favor of the defendant, the plaintiff has appealed.

We are confronted at the outset with a motion of the defendant in error to dismiss the appeal herein for the reason that the brief of the plaintiff in error does not conform to rule 26 of this court. We deem it unnecessary to pass on said motion owing to the fact that we have concluded that the judgment of the trial court should be affirmed.

The parties will hereinafter be referred to as they appeared in the trial court.

The case was tried on an agreed statement of facts which provides, in substance, as follows:

That the plaintiff was the owner of certain lands in Kay county and entitled to a one-eighth royalty in all oil produced from said lands; that the Cosden Oil & Gas Company was the operating company on said lease; that during the month of September, 1920, the operating company, through an error, delivered to the plaintiff 208.55 barrels of oil more than he was entitled to receive, which the plaintiff sold to the Champlin Refining Company at $5 per barrel, which the parties agreed was the market value thereof at that time.

It was further agreed that beginning on October 1, 1920, the plaintiff had his royalty interest in the oil produced on said lands delivered to the Kay County Gas Company; that later the Cosden Oil & Gas Company discovered that too much oil had been delivered to the plaintiff during the month of September, 1920, and by agreement with the plaintiff through his attorney it was agreed that the same should be adjusted by the Kay County Gas Company, which was then taking the oil.

It was further agreed that the market value of oil at that time, or during the month of November, was $4.50 per barrel. The Kay County Gas Company, therefore, withheld from the plaintiff's royalty for the month of November the oil in controversy herein, which calculated at $4.50 per barrel would balance the accounts of the parties for the excess oil delivered to the plaintiff in September.

The trial court took this view of the case, and rendered judgment for the defendant.

Counsel for plaintiff in error contends that the defendant was entitled to withhold only the actual number of barrels of oil equivalent to what had been erroneously delivered to the plaintiff during the month of September, regardless of the change in the market price or market value thereof.

It is true that, under the terms of the oil lease on plaintiff's land, one-eighth of the oil was to be delivered by the producing company to the plaintiff, but the record discloses that the plaintiff signed a division order whereby his share of the oil was to be sold and the proceeds delivered to him. It might be said that this would be sufficient to warrant the defendant in making said adjustment on the basis of the value of said oil rather than deducting the actual number of barrels delivered to the plaintiff in September from his royalty interest in November, but we prefer to decide this case upon the theory established by the pleadings.

Counsel for plaintiff in error in his brief states that this is an action in conversion. The measure of damages in such an action is fixed by section 5999, C. O. S. 1921, as follows:

"First. The value of the property at the time of the conversion with the interest from that time; or,

"Second. Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and,

"Third. A fair compensation for the time and money properly expended in pursuit of the property."

An examination of the petition of the plaintiff discloses that he elected to fix the amount of his recovery, if any, under the first paragraph.

The stipulated facts herein show the amount of oil withheld by the defendant company during November, and that the market value thereof at such time was $4.50 per barrel, or a total of $1,063.85.

It is also agreed that the plaintiff, during the month of September, and in addition to the oil to which he was entitled, received an amount of oil which calculated at $5 per barrel, the agreed market value at that time, and the price which the plaintiff received therefore would be $1,042.85.

The record also discloses that the difference of $21 between the amount to which the plaintiff was entitled to recover and the value of the oil which the plaintiff erroneously received from the producing company was tendered to the plaintiff by the defendant.

It is apparent that the plaintiff was not entitled to recover from the defendant in any amount, and therefore the judgment of the trial court must be affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.